UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RONALD LEWIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No.: 2:20-cv-01228-CLM |
| | ) |
| **FEDERAL NATIONAL** | ) |
| **MORTGAGE ASSOCIATION;** | ) |
| **MORTGAGE ELECTRONIC** | ) |
| **REGISTRATION SYSTEMS, INC.,** | |
| | |
| Defendants. | |

**MEMORANDUM OPINION**

Plaintiff Ronald Lewis ("Lewis") executed a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Homecomings Financial Network, Inc. MERS assigned the mortgage to Ditech Financial, LLC ("Ditech"). Later, Ditech foreclosed on the property. Lewis now sues MERS and Federal National Mortgage Association ("Fannie Mae"), bringing claims for ejectment, quiet title, breach of contract, fraudulent misrepresentation, and foreclosure redemption.[1]

Defendants seek to dismiss all claims. Doc. 37. Accepting as true all facts alleged in Lewis's Amended Complaint (doc. 29) and attached exhibits, *see Griffin*

---

[1] This order will use the term "Defendants" when referring to MERS and Fannie Mae collectively.

*Indus., Inv. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007), the court agrees that Lewis fails to state a claim that entitles him to relief. So the court will **grant** Defendants' motion to dismiss.

## STATEMENT OF THE FACTS

In October 2002, Lewis executed a mortgage in favor of MERS as nominee for Homecomings Financial Network, Inc. Doc. 29-1. Although the amended complaint refers to Fannie Mae and Homecomings Financial as the contracted parties (doc. 29, ¶ 1), the terms of the mortgage make clear that Fannie Mae was not a party to the mortgage. Doc. 29-1, p. 36. MERS later assigned the mortgage to Ditech, who foreclosed on the property in 2018. Doc. 29-1.

To oversee foreclosure responsibilities—such as notifying Lewis about the foreclosure sale and his opportunity to cure the default—Ditech hired the law firm McCalla Raymer Leibert Pierce, LLC ("McCalla"). *Id.* While Lewis first states that McCalla failed to send both the notice of default and the date and time of the foreclosure sale to the proper address as required under the mortgage (doc. 29-1), he later says foreclosure notice *was* sent to the proper address, but that the notice excluded "default, cure and reinstatement info." *Id.* Lewis also claims "someone" at the office of an individual named John Robinson—who Lewis describes in the complaint as "counsel" for McCalla and an agent of Defendants—told Lewis that the foreclosure sale had been cancelled. *Id.*

So Lewis concludes that the foreclosure sale was invalid because he did not receive notice of his opportunity to cure and because Defendants, through their agents, falsely told him that the foreclosure sale was being cancelled. *Id.*

## STANDARD OF REVIEW

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## ANALYSIS

### A. Count I – Ejectment

Lewis first seeks to eject Defendants from the foreclosed property because Defendants "unlawfully detain[] and/or claim[] a right of possession" in the property. Doc. 29. But Defendants point out that MERS assigned its interest in the property to Ditech before the foreclosure sale and that Defendants do not claim an interest in the property. Doc. 38. Lewis does not respond to this argument or otherwise address this claim in his response to Defendants' motion to dismiss, though he does acknowledge that MERS assigned its interest to Ditech. Doc. 29, ¶ 1. So the court considers this claim abandoned and will dismiss Count I.

### B. Count II – Statutory Quiet Title

Next, Lewis brings a statutory quiet title action to determine that he is the rightful owner of the property. Doc. 29. The statute under which Lewis brings this claim reads:

> When any person is in *peaceable possession* of lands, whether actual or constructive, claiming to own the same, in his own right or as personal representative or guardian, and his title thereto, or any part thereof, is denied or disputed or any other person claims or is reputed to own the same, any part thereof, or any interest therein or to hold any lien or encumbrance thereon and *no action is pending to enforce or test the validity of such title, claim, or encumbrance*, such person or his personal representative or guardian, so in possession, may commence an action to settle the title to such lands and to clear up all doubts or disputes concerning the same.

Ala. Code § 6-6-540 (emphasis added). This claim fails for two reasons. First, Lewis has not pleaded facts showing he is in either actual or constructive "peaceable possession" of the property. Possession is peaceable "when at the time of the suit no other party is denying the *fact* of complainant's possession." *Denson v. Gibson*, 392 So.2d 523 (Ala.1980) (emphasis in original). But Lewis's inclusion of an ejectment claim and acknowledgement that the property had been sold through foreclosure suggests his possession was *not* peaceable. *See Stewart v. Childress*, 111 So.2d 8, 14 (Ala. 1959) (holding that an ejectment action amounts to admitting disputed possession); *see also Orton v. Mathews*, 572 Fed.Appx. 830, 832 (11th Cir. 2014) (stating that a mortgage undermines peaceable possession). And Lewis presents no other facts that support his claim to peaceable possession.

Second, Lewis does not respond to Defendants' contention that there are already two actions pending regarding possession of and title to the property. Docs. 16-3, 16-4, 38. *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that a court may take judicial notice of court filings to establish the fact of such litigation).[2] Alabama state courts strictly interpret the above-quoted language barring quiet title suits when another action is pending to test a claim on the property. *See, e.g.*, *Smith v. Gaston*, 1 So.3d 1043, 1046 n. 1 (Ala. Civ. App. 2008) (citing

---

[2] One of these cases became closed after its removal to federal court, but the other remains pending as of this opinion's entry. *See* https://v2.alacourt.com, *Jasvir Singh v. Nayely Albarrancont*, Case No. CV-2018-000289.00.

*Curb v. Grantham*, 102 So. 619 (Ala. 1924)). Lewis has offered no argument for why his claim should survive despite the existence of the other actions. So the court will dismiss Count II.

**C. Count III – Breach of Contract**

Next, Lewis says Defendants breached the mortgage by failing to follow its foreclosure notice requirements. But, in making this argument, Lewis contradicts himself multiple times. First, Lewis states that Defendants "failed to give [foreclosure notice and opportunity to cure] to the address where the notice was supposed to be mailed," citing the proper address as P.O. Box 13646, Birmingham, AL 35242. Doc. 29, ¶ 4. Later, though, Lewis says, "[t]he defendants appear to have mailed the foreclosure notice to the proper address. However it did not contain default, cure and reinstatement info as required." Doc. 29, ¶ 8 n. 1. Then, in his response to Defendants' motion to dismiss, Lewis again states that the requisite notice "went to the property address instead." Doc. 40.

On top of these inconsistencies, Defendants note that the mortgage Lewis attached to his amended complaint states that the notice address will be the property address "unless [Lewis] has designated a substitute notice address by notice to Lender." Doc. 29-1, p. 45. Once again, Lewis does not respond to this assertion, stating only in a conclusory manner that "[t]here is no dispute that the plaintiff's official address on record was the P.O. Box referenced herein." Doc. 40.

So the court finds that Lewis has not sufficiently pleaded a defect in notice. But, even if Lewis had so pleaded, he has still presented no facts that could show Defendants are responsible for that defect, given that MERS had already assigned its interest in the property to Ditech when the foreclosure notices were sent. Although Lewis makes the naked assertion several times in his amended complaint that Ditech was somehow an agent of MERS and Fannie Mae, he pleads no facts that would support this conclusion. Agency is determined not by labels but by "the facts of the case." *Federal Land Bank of New Orleans v. Jones*, 456 So.2d 1, 9 (Ala. 1984). Without facts to support it, the court will not "presume agency." *Battle v. Ford Motor Credit Co.*, 597 So.2d 688, 689 (Ala. 1992). So, having failed to sufficiently plead agency, Lewis does not show how Defendants had an obligation to send him notice of the foreclosure sale and his opportunity to cure. Count III is due to be dismissed.

**D. Count IV – Fraudulent Misrepresentation**

Lewis also alleges that Defendants committed fraud by telling him that "they had cancelled foreclosure proceedings when the contrary was true." Doc. 29, ¶ 45. And because the foreclosure sale took place without his knowing, Lewis says, Defendants caused him to lose his house.

First, the court notes that at least some Alabama state courts have held that the statute of frauds makes unenforceable a verbal promise to cancel a foreclosure sale.

*See, e.g.*, *Coleman v. BAC Servicing*, 104 So.3d 195, 207 (Ala. Civ. App. 2012) (cited with approval in *Davis v. Wells Fargo Home Mortgage, Inc.*, 2016 WL 393850 (N.D. Ala. 2016)). So, because Lewis alleges only that he "spoke" with someone affiliated with the foreclosure sale and provides no written documentation of the promise, this claim is barred by the statute of frauds. Doc. 29, ¶ 46. But even if this were not the case, Lewis still fails to plead any facts showing how Defendants are responsible for the alleged fraud, nor does he state a claim for fraud that satisfies 9(b) pleading standards.

Lewis states that, before the foreclosure sale, he "spoke to counsel's office for the mortgage company and he told [Lewis] the foreclosure was cancelled." Doc. 29, ¶ 46. Relying on that representation, Lewis says he did not seek to cure the default and thus lost the house. But to succeed on this claim, Lewis must successfully plead that the person he spoke with acted as an agent for *Defendants*. Otherwise, because MERS had assigned its interest in the property, no basis exists to hold Defendants liable for the statement. Yet again, Lewis pleads agency in a conclusory manner, devoid of any factual basis. The amended complaint states that "the foreclosure attorney and collection agent (i.e. McCalla Raymer Leibert Pierce, LLC and its counsel John Robison) herein acted on behalf of…Ditech, MERS, Fannie Mae & Homecomings." Doc. 29, ¶ 16. The amended complaint lacks any reference to facts that could reveal an agency relationship, except as to Ditech. *See Federal Land Bank

*of New Orleans*, 456 So.2d at 9. And because the court will not presume agency, Lewis has pleaded no basis for holding Defendants responsible for McCalla's statement.

But even assuming Lewis had successfully connected Defendants to the statement, he has still failed to meet the heightened 9(b) pleading standard for fraud. Rule 9(b) of the Federal Rules of Civil Procedure requires the party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The Eleventh Circuit has required these elements to successfully plead fraud: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1380–81 (11th Cir.1997). Below is the entirety of Lewis's fraud allegation from his amended complaint:

> 8. Someone at the McCalla Raymer Leibert Pierce, LLC and its counsel John Robinson's office on or around a few days or weeks before the sale to the plaintiff told the plaintiff Ronald Lewis that the foreclosure sale on July 2, 2020 was canceled and being continued.
> ***
> 10. FNMA and Homecomings, concealed the default and concealed and misrepresented that the foreclosure sale was not on July 2, 2018.
> ***
> 46. Shortly before the foreclosure sale the defendant/counterclaim and third party plaintiff spoke to

> counsel's office for the mortgage company and he told the defendant/counterclaim and third party plaintiff that the foreclosure was canceled and otherwise failed to give him an opportunity to cure or reinstate.
>
> \*\*\*
>
> 48. Hence, the mortgage company is guilty of fraudulently concealing the foreclosure and misrepresenting its intent to proceed by telling the plaintiff that the foreclosure was canceled.

Doc. 29. But who is the unidentified "mortgage company"? And who is the "someone" Lewis spoke to and where exactly did he work?[3] And what did Defendants, neither of whom had any interest in the property, stand to gain by lying about the sale? Lewis answers none of these questions. Without more, his fraud allegation does not satisfy 9(b). So Count IV is due to be dismissed.

### E. Count V – Foreclosure Redemption

Finally, Lewis states that he has a right to redeem the foreclosed-on property because of the alleged fraud. Doc. 29. But, as Defendants note, even if Lewis did plead facts to show fraud, the statutory redemption period has passed. Ala. Code § 6-5 -248(b) (allowing 180 days following the foreclosure sale to redeem homestead property). Lewis does not respond to this argument, so the court considers this claim abandoned and will dismiss Count V.

---

[3] In his response, Lewis says that John Robison himself relayed to Lewis the foreclosure sale's cancellation. This is not what paragraph 8 of the amended complaint says. This ambiguity further undermines Lewis' pleading argument.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is due to be **GRANTED** and Lewis's complaint **DISMISSED with prejudice**. This court will enter a separate order carrying out this finding.

**DONE** and **ORDERED** this August 25, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE